

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00122-CR

DEQURIOUS MARQUISE ROBBINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F15226

Before Morriss, C.J., Stevens and Carter,* JJ.

---

*Jack Carter, Justice, Retired, Sitting by Assignment

ORDER

DeQurious Marquise Robbins appeals from his conviction of aggravated robbery and his resulting twenty-seven-year sentence. Robbins's notice of appeal was filed October 12, 2021. The clerk's record was filed November 5, 2021, and the reporter's record was filed December 15, 2021, making the appellant's brief originally due January 14, 2022. Robbins failed to file a brief or a motion to extend time in which to file a brief. By letter dated January 24, 2022, this Court advised Oscar William Loyd, appointed counsel for Robbins, that Robbins's brief was late and afforded him fourteen additional days in which to file the brief, resulting in a final due date of February 8, 2022.

On January 25, 2022, Loyd filed what purported to be an *Anders*[1] brief on Robbins's behalf. By letter dated January 25, 2022, this Court advised Loyd that, although we received the document purporting to be an *Anders* brief, we could not file it as such because it did not comply with *Anders*. In our letter, we reminded Loyd that the final due date to file a compliant brief was February 8, 2022, and further advised that failure to file a revised brief correcting the deficiencies set out in our letter could result in abatement to the trial court pursuant to Rule 38.8 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8.

Because a compliant brief has not been filed, we abate this case to the trial court for a status hearing pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8(b)(2). Specifically, the trial court is directed to determine whether Robbins still desires to prosecute this appeal. Assuming Robbins still desires to prosecute the appeal, the trial

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

2

court is directed to determine (1) why Robbins's appellate brief has not been filed and (2) whether Loyd has abandoned the appeal. The trial court is directed to make appropriate findings and recommendations and to have a record of the proceedings prepared. The record must include any findings made by the trial court. Based on that record, this Court will take appropriate action to ensure that Robbins's rights are protected. The trial court may also address any other matters it deems appropriate. The hearing is to be conducted within fifteen days of the date of this order.

The trial court's findings and recommendations on the issues set forth above shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of (1) a brief that complies with *Anders* or (2) the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date:   April 12, 2022